UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andrea Banks-McClure, *Plaintiff*, v. University of Chicago Medical Center, *Defendant*. | No. 25 CV 227 Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrea Banks-McClure brings this suit against her former employer, the University of Chicago Medical Center, for race and disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant moves to dismiss the complaint in its entirety as time-barred. For the reasons below, the motion is granted.

## I.   Background

At the motion to dismiss stage, the Court accepts as true all well-pled allegations set forth in the Complaint [Dkt. 9] and draws all reasonable inferences in Plaintiff's favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019).

Plaintiff Andrea Banks-McClure was employed by the University of Chicago Medical Center as an RN from August 21, 2023 until she was allegedly constructively discharged on September 13, 2024.[1] [Dkt. 9 at 7.] On September 27, 2024, she filed a charge of discrimination with the EEOC alleging race and disability discrimination and retaliation in violation of Title VII and the ADA. [*Id.*] On October 9, 2024, Plaintiff received a Notice of Right to Sue ("NRTS") from the EEOC. [*Id.* at 3, 10.] She filed the complaint initiating this lawsuit on January 8, 2025, 91 days after she received the NRTS. Defendant now moves to dismiss the complaint in its entirety as untimely under Rule 12(b)(6). [Dkt. 16.]

---

[1] Plaintiff sued the "University of Chicago Hospital," but Defendant clarified that its correct name is "University of Chicago Medical Center." [Dkt. 17 at 1 n.1.]

## II.  Legal Standard

A defendant may seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court takes well-pled factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023); *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up).

## III.  Analysis

Before filing a suit under Title VII or the ADA, "a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Freeman v. Travelers Co.s, Inc.*, 63 F. Supp. 3d 867, 871 (N.D. Ill. 2014) ("The ADA adopts Title VII's procedures in requiring a plaintiff to file a timely charge with the EEOC and to receive, in return, a right-to-sue notice from the EEOC before filing suit against an employer." (citing 42 U.S.C. § 12117(a))). Any complaint must be filed within 90 days of receipt of the letter, or else the complaint is time-barred. 42 U.S.C. § 2000e–5(f)(1); *see, e.g.*, *Portillo v. Zebra Tech. Corp.*, 154 F. App'x 505, 507 (7th Cir. 2005). Although a court must liberally construe *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it must also strictly enforce the 90-day statute of limitations regardless of a plaintiff's *pro se* status. *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000) ("The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal.").

Defendant argue that the complaint must be dismissed because it was filed one day after the 90-day statute of limitations period expired. While a statute of limitations is an affirmative defense that a plaintiff is not required to plead around, a complaint may nevertheless be dismissed where the plaintiff pleads themselves out of court. *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (noting that a complaint may be dismissed "if the plaintiff has admitted all the elements of the affirmative defense.").

It's clear from the pleadings that Plaintiff's complaint is untimely. Her EEOC charge was filed on September 27, 2024. The EEOC's NRTS was issued on October 9, 2024 and Plaintiff represents that she received it that same day. [Dkt. 9 at 3.] Consequently, she had until January 7, 2025 to file a complaint, but failed to do so until the next day. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (holding that the 90-day period of limitations begins to run on the date that the EEOC NRTS is actually received by the claimant or their attorney).

Plaintiff acknowledges her tardy filing but asks the Court to equitably toll the statute of limitations. [Dkt. 20.] "A litigant is entitled to equitable tolling if 'he shows

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). A plaintiff invoking equitable tolling bears the burden of showing both diligence and extraordinary circumstance. *Perkins ex rel. Est. of Perkins v. Brennan*, 821 F. App'x 630, 632 (7th Cir. 2020). Equitable tolling is granted "sparingly." *Angiulo v. United States*, 867 F. Supp. 2d 990, 1001 (N.D. Ill. 2012) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

    First, Plaintiff argues that a PTSD flare-up presented an extraordinary circumstance that prevented her from filing on time. She explains that she'd been in therapy for PTSD related to trauma in her work environment but that her condition worsened during the 90-day limitations period. She experienced symptoms including extreme fear, a fight-or-flight response, and physical pain that contributed to an "avoidance of court" and "mistrust of attorneys." [Dkt. 20 at 1–2.] She also points to an unsworn letter from a therapist who treated her during the limitations period. The letter further describes her symptoms as including depression, difficulty sleeping, lack of motivation, social isolation, trouble concentrating, self-blame, obsessive thoughts, unwanted memories, anxiety, panic, irritability, heightened alertness, and somatic symptoms. [*Id.* at 4.] Plaintiff argues that these symptoms "rendered [her] incapable of handling [her] affairs as it relates to the court system." [*Id.* at 1.]

    Mental disability can justify tolling a statute of limitations, but only where a plaintiff shows that their medical condition "*actually* prevented [them] from satisfying the limitations requirement," as when it "prevents the sufferer from managing his affairs and thus from understanding and acting upon his legal rights." *Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004) (emphasis in original) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)); *see also Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) ("[S]uch tolling is . . . reserved for those circumstances 'far beyond the litigant's control.'") (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)). Even where a mental illness is undoubtedly taxing, it doesn't warrant equitable tolling unless it in fact prevented the plaintiff from pursing their legal rights. *See Gray*, 115 F. App'x (denying equitable tolling where plaintiff failed to show that shoulder injury, addiction to narcotic painkillers, and ensuing depression actually prevented him from complying with limitations period); *Famous v. Fuchs*, 38 F.4th 625 (7th Cir. 2022) (same where plaintiff failed to show that chronic depression and personality disorders prevented him from complying with limitations period); *Angiulo*, 867 F. Supp. 2d (same where plaintiff failed to show that anxiety, stress, and depression impairing his concentration and energy actually prevented him from complying with limitations period).

    Here, Plaintiff failed to allege facts showing that PTSD actually prevented her from filing within the 90-day limitations period. The Court does not doubt that her symptoms have made filing more difficult, but mere burden is insufficient. *See*

3

*Conroy*, 929 F.3d at 821. Although Plaintiff describes how anxiety, depression, and other symptoms made her reluctant to engage with the legal system, this is not enough to show that her condition was so extraordinary that Plaintiff failed to understand the period of limitations or was physically incapable of complying. On the contrary, apart from her late initial filing, Plaintiff has timely and competently represented herself in this litigation.

Plaintiff also argues that her mental disability entitles her to equitable tolling under 735 ILCS 5/13-211. This provision extends the statute of limitations period for certain actions specified in Sections 13-201 through 13-210 if the claimant is a minor or person with a legal disability. Plaintiff is not entitled to equitable tolling under Section 13-211 because it doesn't apply to Title VII or ADA claims. Even if it did, Plaintiff failed to show that she suffers from a legal disability. A person is under a legal disability when they are "incapable of managing [his or] her person or property and could not comprehend [his or] her rights or the nature of the act giving rise to [his or] her cause of action." *Brucker v. Mercola*, 886 N.E.2d 306, 329 (Ill. 2007) (quoting *Bloom v. Braun,* 739 N.E.2d 925, 933 (Ill. App. Ct. 2000)). As explained above, Plaintiff has not shown that the PTSD symptoms she experienced impacted her ability to understand her rights or prevented her from filing on time.

### IV.   Conclusion

The Court regrets that Plaintiff was unable to file her case within the 90-day deadline. It prefers to decide cases on the merits when possible. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (per curiam). Nevertheless, Congress has set out procedural rules, and Defendant is entitled to enforce those rules. For the reasons above, all claims are time-barred and not eligible for equitable tolling. The motion to dismiss [Dkt. 16] is granted and this case is dismissed with prejudice.

Enter: 25-cv-0227
Date: May 27, 2025

_____
Lindsay C. Jenkins