**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Andrea Banks-McClure,

    *Plaintiff,*

v.

University of Chicago Medical Center,

    *Defendant.*

No. 25 CV 227

Judge Lindsay C. Jenkins

**ORDER**

Plaintiff Andrea Banks-McClure sued her former employer, the University of Chicago Medical Center, for race and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The court dismissed her claims with prejudice because she failed to sue within 90 days of receiving a right-to-sue notice from the EEOC and was not entitled to equitable tolling. *Banks-McClure v. Univ. of Chi. Med. Cntr.*, 2025 WL 1505308 (N.D. Ill. May 27, 2025). Plaintiff asks the court to reconsider its decision. For the reasons below, the motion to reconsider [Dkt. 26] is denied.

**Legal Standard**

The Federal Rules of Civil Procedure do not specifically provide for a motion to reconsider. Instead, courts construe such motions as either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from judgment. *Anderson v. Holy See*, 934 F. Supp. 2d 954, 957 (N.D. Ill. 2013), *aff'd sub nom. Anderson v. Cath. Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014). The substance, rather than the form, of a motion for reconsideration determines whether it should be analyzed under Rule 59(e) or Rule 60(b). *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

A Rule 59(e) motion is appropriate where there is newly discovered evidence or the court made a manifest error of fact or law, *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024), and must be filed within 28 days of the entry of judgment, Fed. R. Civ. P. 59(e).

A Rule 60(b) motion is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Anderson*, 934 F. Supp. 2d at 958. It must be filed "within a reasonable time" after entry of final judgment. Fed. R. Civ. P. 60(c)(1). A court may grant a Rule 60(b) motion for six different reasons, including mistake, inadvertence, surprise, or excusable neglect,

Fed. R. Civ. P. 60(b)(1), or newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, Fed. R. Civ. P. 60(b)(2). Rules 60(b)(3)–(5) provide additional grounds for relief. Rule 60(b)(6) is a catch-all that allows the court to grant relief from judgment for "any other reason that justifies relief," but is only available when Rules 60(b)(1)–(5) are inapplicable. *Kemp v. United States*, 596 U.S. 528, 533 (2022). Regardless of the basis for the motion, a court may only issue relief under Rule 60(b) in extraordinary circumstances. *Word Seed Church v. Village of Homewood*, 43 F.4th 688, 690 (7th Cir. 2022).

Neither Rule 59(e) nor Rule 60(b) motions are "appropriate vehicles for re-litigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under consideration." *Anderson v. Holy See*, 934 F. Supp. 2d at 957 (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007)). Whether to grant a motion for reconsideration is within the district court's broad discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## Analysis

At the motion to dismiss stage, the court held that Plaintiff's claims were time-barred because she sued one day after the statute of limitations period ended. It further held that Plaintiff was not entitled to equitable tolling. Although she described symptoms of a PTSD flare-up that made it more difficult for her to engage with her case, she failed to show that her medical condition "actually prevented" her from filing on time, for instance, by preventing her from managing her affairs or understanding and acting upon her legal rights. *Banks-McClure*, 2025 WL 1505308, at *2–3 (citing *Gray v. Potter*, 115 F. App'x 891, 894 (7th Cir. 2004)). Plaintiff asks the court to reconsider, arguing that she did not understand what she needed to include in her response to the motion to dismiss to show that her condition prevented her from timely filing. She also offers additional details about her PTSD to demonstrate its severity. [Dkt. 26.]

Plaintiff didn't specify whether she brings her motion under Rule 59(e) or 60(b), but it is properly analyzed under the latter. The Seventh Circuit has "a bright-line rule that any motion for reconsideration filed after" Rule 59(e)'s 28-day deadline is properly construed as a Rule 60(b) motion. *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013). Plaintiff filed her motion to reconsider on June 26, 2025, which is 30 days after court dismissed her claims. Since the deadline to file a Rule 59(e) passed, the court must analyze it under Rule 60(b).

The motion is also substantively better classified as a Rule 60(b) motion. Plaintiff doesn't offer newly discovered evidence or argue that the court made a manifest error of fact or law. Rather, she argues that she didn't understand the level of detail she needed to include in her motion to dismiss to prove her incapacitation,

2

but that her neglect is excusable because she is proceeding *pro se*. [Dkt. 26 at 1.] This argument falls squarely within Rule 60(b)(1).

Excusable neglect under Rule 60(b)(1) is determined based on "all relevant circumstances surrounding the party's neglect." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). This may include "such factors as the reason for the default, whether it was within the movant's control, the danger of prejudice to the nonmovant, and the interests of efficient judicial administration." *Buchanan v. Illinois Dep't of Hum. Servs.*, 15 F. App'x 366, 368 (7th Cir. 2001).

Plaintiff has not demonstrated excusable neglect meriting relief under Rule 60(b)(1). The detailed information she now provides about her mental health condition, including in her brief and supporting documentation, was available to her during the motion to dismiss, yet she did not include it. Plaintiff argues that her inadvertence should be excused because she is *pro se* and didn't understand the level of detail she needed to convey about her condition to warrant equitable tolling. But for neglect to be excusable, it must go beyond ordinary neglect. Ignorance of the applicable legal standard is generally insufficient under Rule 60(b)(1), even for *pro se* litigants. *Id.* at 368–69; *see McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (similar); *see also Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although [pro se litigants] benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." (internal citations omitted)).

There are, of course, some instances where a litigant's *pro se* status bears on whether neglect is excusable. *See, e.g.*, *Al–Amin v. Wondolowski*, 2010 WL 2197662, at *1 (N.D. Ill. June 2, 2010) (holding that late filing was the result of excusable neglect where *pro se* plaintiff mistakenly believed the deadline to file notice of appeal was 30 days after receiving notice of decision rather than 30 days after the decision). But this is not the first time that Plaintiff has filed an untimely discrimination claim and made an equitable tolling argument based on the same mental health conditions she describes here. *See Banks v. Jackson Park Hospital*, 2022 WL 17267760 (N.D. Ill. Nov. 29, 2022). In *Banks*, the district court considered similar medical documentation detailing similar symptoms. It explained the legal standard for equitable tolling based on physical impairment and concluded that Plaintiff had not shown the level of physical incapacitation needed to justify equitable tolling. *Id.* at *2–4. At this point, Plaintiff can no longer use her *pro se* status to excuse her failure to include the information necessary to demonstrate that her mental condition prevented her from complying with a statute of limitations.

Even if Plaintiff's neglect were excusable, she still has not presented evidence meeting the equitable tolling standard. Her motion to reconsider describes the same PTSD symptoms the court considered during the motion to dismiss, such as lack of

motivation, inability to focus, social isolation, anxiety, and an aversion to the legal system, albeit in more detail. As the court explained then, her symptoms no doubt make it more difficult for her to manage her legal affairs, but do not show that they "in fact prevented" her from pursing her legal rights. *Banks-McClure*, 2025 WL 1505308, at *2. Plaintiff describes some symptoms not previously mentioned, such as an inability to make decisions and tendency to dissociate and lose track of time. [Dkt. 26 at 2–3.] But these symptoms are not reflected in the medical documentation she submitted that tracks her condition during the statute of limitations period. [*Id.* at 11.]

Finally, nearly all the supporting documents attached to the motion to reconsider are irrelevant to the equitable tolling analysis. Most document Plaintiff's medical condition at various points from 2019 to 2022—years before she initiated this action. They therefore do not show that she was unable to file this during the statute of limitation period, *i.e.*, October 9, 2024 – January 7, 2025. One document is a letter from Omar Guzman, a licensed clinical social worker who did treat Plaintiff for trauma symptoms during the relevant period. The letter is almost identical to a letter from Mr. Guzman that Plaintiff attached to her motion to dismiss, except that he now states that he "do[es] not believe [Plaintiff] had the emotional and cognitive ability to submit legal documentation and pursue her lawsuit . . . ." [*Id.* at 11.] This opinion doesn't change the court's conclusion, which is based on the actual symptoms described in the letter that were already considered during the motion to dismiss. Although Plaintiff's condition is regrettable, her documented symptoms don't meet the "high threshold of incapacitation" needed to justify equitable tolling. *Angiulo v. United States*, 867 F. Supp. 2d 990, 1002 (N.D. Ill. 2012).

## Conclusion

Plaintiff's claims are time-barred and she is not entitled to equitable tolling. She failed to demonstrate that her neglect was excusable under Rule 60(b)(1), so the motion to reconsider [Dkt. 26] is denied. Although regrettable, "Congress has set out procedural rules, and Defendant is entitled to enforce those rules," even when a litigant is *pro se. Banks-McClure*, 2025 WL 1505308, at *2; *Buchanan*, 15 F. App'x at 369. The case remains closed.

Enter: 25-cv-227
Date: July 17, 2025

_____
Lindsay C. Jenkins

4